IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES O'DELL WALTON  §  | | |
| TDCJ-CID #561346  § | | |
| § | | |
| v.  § | | C.A. NO. C-07-289 |
| § | | |
| LIEUTENANT THOMPSON, ET AL.  § | | |

**MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION TO PROCEED *IN FORMA PAUPERIS* AND TO DISMISS ACTION**

On July 2, 2007, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and request for injunctive relief alleging, *inter alia*, that certain McConnell Unit officers and officials were retaliating against him for filing lawsuits in the past. (D.E. 1). He also filed a motion to proceed *in forma pauperis*. (D.E. 2). For the reasons stated herein, it is respectfully recommended that plaintiff's application to proceed *in forma pauperis* be denied, and that this case be dismissed without prejudice.

**THREE STRIKES RULE**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA"), including the three strikes rule. 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three

strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Banos, 144 F.3d at 884; Adepegba, 103 F.3d at 388.

## ANALYSIS

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Walton v. TDCJ, 6:93cv110 (E.D. Tex. Apr. 23, 1993) (first strike); Walton v. Dallas County, 3:96cv808 (N.D. Tex. Apr. 30, 1996) (second strike); and Walton v. Johnson, et al., No. 97-41297 (5th Cir. Dec. 16, 1998) (third strike). Plaintiff is now barred from filing a civil rights suit unless he is in imminent danger of physical injury.

In the present case, plaintiff has named the following defendants: Lieutenant Pamela F. Thompson; Sergeant Steven Garcia; Sergeant Abram Arroyos; Officer Joe Mireles; Officer Rick Villareal; Officer Robert Ready; Officer Benito Garza; Grievance Investigator Joella Puente; and Grievance Investigator Kimberly Pundt. He claims that on May 19, 2007, Sergeant Garcia, Officer Ready, and Officer Villarreal pushed him in the shower while handcuffed, and then kicked him in the left shoulder while he was on the ground. Although he suffered a "purple reddish" bruise, defendants refused to take him to the infirmary for medical treatment. Thereafter, these same defendants searched his cell and destroyed his legal and personal property. Defendants then denied him breakfast. He also claims that he was denied breakfast between May 25, 2007 and May

28, 2007.  Finally, he claims his life is in danger because defendants conspire with members of organized crime and gangs.

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate."  Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).  Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a genuine emergency where "time is pressing."  Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); see also King v. Livingston, 212 Fed. Appx. 260, 262 (5th Cir. Dec. 11, 2006) (per curiam) (unpublished) (allegations of past attacks by inmates and prison officials are insufficient to establish imminent danger).  In passing the PLRA, Congress intended the imminent danger exception to be a safety valve to prevent impending harms, not those which had already occurred.  Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (en banc). Conclusory allegations do not bring an inmate within the "imminent danger" exception to the three strikes rule.  See White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998); see also Ciarpaglini, 352 F.3d at 331 ("Courts also deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous.").

In this case, plaintiff fails to allege imminent injury for purposes of § 1915(g).  Indeed, he is complaining of a specific incident that occurred on May 19, 2007.  In addition, to the extent he claims he was denied his breakfast fives times in May 2007, he does not complain that the problem is ongoing, nor does he allege any imminent injury

from the missed meals.  There is no present threat of harm or injury as a consequence of the May 19 shower incident.  Finally, his allegations that defendants are in concert with organized crime and prison gangs are not supported by facts, but are merely conclusory allegations.  As such, plaintiff fails to allege imminent harm for purposes of § 1915(g).

### **RECOMMENDATION**

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to allege successfully that he is in imminent danger of physical harm.  Accordingly, it is respectfully recommended that plaintiff's application for leave to proceed *in forma pauperis*, (D.E. 2), be denied and that this lawsuit be dismissed without prejudice.  It is further respectfully recommended that plaintiff be permitted to move to reinstate the lawsuit, but only if the $350.00 filing fee is paid simultaneously with the motion to reinstate.

Respectfully submitted this 13th day of July 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).